UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITNEY BEAUBIEN, as Personal
Representative of the Estate of
CRAIG A. BEAUBIEN,

               Plaintiff,

                                   Case No. 21-11000

v.                               U.S. DISTRICT COURT JUDGE
                                   GERSHWIN A. DRAIN

CHARU TRIVEDI, *et al.*,

               Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF WHITNEY BEAUBIEN'S MOTION FOR ENTRY OF JUDGMENT [#125]

**I.**      **INTRODUCTION**

Presently before the Court is Plaintiff Whitney Beaubien's Motion for Entry of Judgment [#125]. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter, and thus the motion will be decided on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

For the reasons that follow, Plaintiff's Motion for Entry of Judgment [#125] is GRANTED IN PART and DENIED IN PART. The Court will enter judgment in

favor of Plaintiff and against Defendants, awarding Plaintiff $115,841.98 in economic damages, $615,800.00 in noneconomic damages under MICH. COMP. LAWS § 600.1483, statutory interest under MICH. COMP. LAWS § 600.6013(8), and taxable costs under Federal Rule of Civil Procedure 54(d)(1).

## II.   **BACKGROUND**

In 2021, Craig Beaubien and his wife, Whitney Beaubien, initiated a medical malpractice lawsuit against Dr. Charu Trivedi and Toledo Clinic, Inc. They alleged that Dr. Trivedi breached the standard of care while caring for Mr. Beaubien by failing to recognize that the polycythemia she was treating him for could have been secondary to renal cell carcinoma, a form of metastatic kidney cancer. They also alleged that Toledo Clinic, Inc. was responsible for Dr. Trivedi's acts and omissions under principles of *respondeat superior*. Mr. Beaubien died during the pendency of this action, resulting in Mrs. Beaubien becoming the sole plaintiff in this case as Personal Representative of Mr. Beaubien's estate. Following a five-day trial, a jury returned a unanimous verdict in Plaintiff's favor, awarding $115,841.98 in economic damages and $8.5 million in noneconomic damages.

Plaintiff subsequently filed the present Motion for Entry of Judgment, seeking entry of the jury's damages award plus pre-judgment interest under MICH. COMP. LAWS 600.6013(8) and taxable costs under Federal Rule of Civil Procedure 54(d)(1). Defendants filed a response to the motion, asserting that MICH. COMP. LAWS §

2

600.1483 caps the noneconomic damages Plaintiff can recover in this case at $569.000. They also argue that Section 600.1483's cap does not violate the Michigan Constitution. In her reply, Plaintiff asserts that Section 600.1483's cap violates the Michigan Constitution's guarantee to a trial by jury, equal protection, and separation of powers.

Concurrent with her reply, Plaintiff filed a motion to certify the following issue to the Michigan Supreme Court: "Do the caps on noneconomic damages found in MCL § 600.1483 violate the Michigan Constitution because they violate the right to trial by jury, violate equal protection and/or violate the separation of powers and, therefore, should be struck down?" ECF No. 130, PageID.5149. This Court granted the motion to certify. The Michigan Supreme Court has declined to answer the certified question.

## III.   LAW AND ANALYSIS

Plaintiff's Motion for Entry of Judgment presents the following issues: (1) whether MICH. COMP. LAWS § 600.1483's noneconomic damages cap is constitutional under the Michigan Constitution, and (2) if it is constitutional, whether the high cap or the low cap applies. Section 600.1483 caps the noneconomic damages a plaintiff can recover in a medical malpractice action, defining noneconomic damages as "damages or loss due to pain, suffering, inconvenience, physical impairment, or physical disfigurement, loss of society and companionship,

3

. . . loss of consortium, or other noneconomic loss." MICH. COMP. LAWS §

600.1483(3).

The statute sets forth two caps: a "low" cap and a "high" cap. The "high" cap

applies in cases where the defendant's malpractice results in one or more of the

following:

> (a)     The plaintiff is hemiplegic, paraplegic, or quadriplegic resulting in a total permanent functional loss of 1 or more limbs caused by 1 or more of the following:
>> i.     Injury to the brain.
>> ii.    Injury to the spinal cord.
>
> (b)     The plaintiff has permanently impaired cognitive capacity rendering him or her incapable of making independent, responsible life decisions and permanently incapable of independently performing the activities of normal, daily living.
>
> (c)     There has been permanent loss of or damage to a reproductive organ resulting in the inability to procreate.

*Id.* § 600.1483(1). The "low" cap applies in all other situations. *Id.* These caps are

adjusted by the Michigan State Treasurer "at the end of each calendar year to reflect

the cumulative annual percentage change in the consumer price index." *Id.* §

600.1483(4). "[T]he statutory cap in effect at the time the judgment is entered is the

cap that applies to an award of noneconomic damages." *Shivers v. Schmiege*, 285

Mich. App. 636, 650 (Mich. Ct. App. 2009) (citation omitted). The current "high"

cap is $1,047,000.00, and the current "low" cap is $615,800.00.[1]

---

[1] https://www.michigan.gov/mdhhs/-
/media/Project/Websites/treasury/ORTA/Economic-Reports-Notices/FY-

4

## A. Constitutionality of Section 600.1493's Noneconomic Damages Cap

Plaintiff claims Section 600.1483's noneconomic damages cap violates the Michigan Constitution's guarantee to a trial by jury, equal protection, and separation of powers. As this Court noted when it certified this issue to the Michigan Supreme Court, the constitutionality of Section 600.1483's noneconomic damages cap has never been squarely addressed by that court. Furthermore, while the Michigan Supreme Court has upheld the constitutionality of a different statutory damages cap, that ruling stands in tension with other Michigan Supreme Court decisions, particularly as it relates to the right to trial by jury. In the interest of comity and federalism, this Court certified the issue to the Michigan Supreme Court so that it could reconcile this apparent inconsistency. Nevertheless, the Michigan Supreme Court declined to answer the certified question, and thus this Court must now rule on the statute's constitutionality under the Michigan Constitution.

In doing so, this Court, sitting in diversity, "must ascertain from all available data, including the decisional law of the state's lower courts, what the state's highest court would decide if faced with the issue." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 517 (6th Cir. 2001) (citation omitted). "Where a state's highest court has

---

2025/Notice_01312025_NonEconomicLimitation-
Posted.pdf?rev=818c2acb86cb4e058de385c7995949e9&hash=A2E2D80A63D111
8C4D4B76443A891B44.

not spoken on a precise issue, a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir. 1989) (citation omitted). "This rule applies regardless of whether the appellate court decision is published or unpublished." *Id.*

Instructive here is *Zdrojewski v. Murphy*, 254 Mich. App. 50 (Mich. Ct. App. 2002), where the Michigan Court of Appeals held that Section 600.1483's noneconomic damages cap does not violate the right to trial by jury, the Equal Protection Clause, or the Separation of Powers Clause. First, with respect to the right to trial by jury, the court acknowledged that the Michigan Constitution "guarantees plaintiffs in civil suits the right to trial by jury," which "includes the right to have damages determined by a jury." *Id.* at 75. The court emphasized, however, that this right operates in tandem with the Legislature's constitutional authority "to change or abolish common-law tort claims, including the ability to limit remedies for such claims." *Id.* at 77.

Consistent with this constitutional framework, the court explained that Section 600.1483's noneconomic damages cap does not intrude upon the jury's factfinding function. Plaintiffs remain free to present all relevant facts to the jury, and the jury retains the authority to "render[] its damages award on the basis of the facts of the case." *Id.* Instead, the cap affects only the legal consequences of the

6

jury's findings, limiting the maximum recoverable damages *after* the jury has completed its factfinding role. *Id.* In this way, the Michigan Court of Appeals found that Section 600.1483's noneconomic damages cap does not violate the right to trial by jury. *Id.* at 78.

Second, the *Zdrojewski* court held that Section 600.1483's noneconomic damages cap does not violate the Equal Protection Clause. By way of background, the Equal Protection Clause provides, in relevant part, that "[n]o person shall be denied the equal protection of the laws." Mich. Const. art. I, § 2. When state legislation classifies individuals in a manner that results in their different treatment under the law, the degree of scrutiny applied to an individual's equal protection claim depends on the nature of the classification. *Phillips*, 470 Mich. at 432-33. If the statutory classification "is based on 'suspect' factors such as race, national origin, ethnicity, or a 'fundamental right,' " courts apply strict scrutiny, under which the statutory classification will be upheld only if the government "demonstrate[s] that [the] classification has been precisely tailored" to "serve a compelling governmental interest." *Id.* (citations omitted). If the statutory classification rests on "bases [such as illegitimacy and gender," courts apply intermediate scrutiny, under which the statutory classification "will be upheld only if it is substantially related to an important governmental objective." *Id.* at 433 (citations omitted). If neither strict scrutiny nor intermediate scrutiny apply, courts apply the "highly deferential"

rational basis standard of review, under which the statutory classification will be upheld if it is rationally related to a legitimate government purpose. *Id.*

In *Zdrojewski*, the plaintiff argued that Section 600.1483's noneconomic damages cap is based on a suspect classification scheme that treats medical malpractice plaintiffs differently from others, triggering strict scrutiny. *Zdrojewski*, 254 Mich. App. at 78-79. The court rejected this argument, reasoning that "[a] class of personal injury plaintiffs cannot be compared to classes based on race, gender, or mental incapacity" that would ordinarily trigger strict scrutiny. *Id.* at 80. Instead, the court found that the plaintiff's equal protection claim was subject to rational basis standard of review. *Id.* The court acknowledged that the Legislature enacted Section 600.1483's noneconomic damages cap "to control increases in health care costs by reducing the liability of medical care providers, thereby reducing malpractice insurance premiums, a large component of health care costs." *Id.* "By limiting at least one component of health care costs," the court found that Section 600.1483's noneconomic damages cap is rationally related to the Legislature's legitimate governmental interest in controlling healthcare costs. *Id.* at 80-81. Therefore, the court concluded that Section 600.1483's cap does not violate the Equal Protection Clause. *Id.*

Lastly, the *Zdrojewski* court found that Section 600.1483's cap does not violate the Separation of Powers Clause. The plaintiff argued that the cap

"constitute[s] impermissible legislative intrusion[] on the rulemaking power of the judicial branch of state government," as it "interfere[s] with the court's duty to instruct the jury on the applicable law and with the court's function as the forum for redressing grievances." *See id.* at 81. The court rejected this argument. It acknowledged that the Michigan Constitution grants the Michigan Supreme Court the authority to make rules that "establish, modify, amend and simplify the practice and procedure in all courts of this state." *Id.* (quoting Mich. Const. Art. III, § 5). However, the court noted that this "authority extends only to matters of practice and procedure, and the Legislature, not the courts, has the authority to enact substantive law." *Id.* Put another way, "if the statutes in question are grounded on policy considerations other than regulating the procedural operations of the judiciary, they do not impermissibly infringe the Supreme Court's rulemaking authority." *Id.* at 82. Given that the Legislature enacted Section 600.1483 to control against increases in healthcare costs, the court found that the statute is "substantive in nature, rather than procedural," and thus does not infringe upon the Michigan Supreme Court's rulemaking authority. *Id.* Therefore, the court concluded that the statute does not violate the Separation of Powers Clause. *Id.*

While *Zdrojewski* was decided by the Michigan Court of Appeals, its reasoning on these constitutional issues accords with Michigan Supreme Court precedent. In *Phillips v. Mirac, Inc.*, 470 Mich. 415 (Mich. 2004), the Michigan

Supreme Court upheld the constitutionality of MICH. COMP. LAWS § 257.401(3), which caps a motor vehicle lessor's damages liability in certain cases involving leases of 30 days or less. *Id.* at 423. The court found that the damages cap did not violate the right to trial by jury. It reasoned that while this constitutional right encompasses the right to have the jury determine matters of fact, excluded from the jury's responsibility are "matters of law concern[ing] the legal significance of those facts." *Id.* at 428. Such matters of law are for the court to decide and include issues such as "whether a party has met its burden of proof, whether certain evidence may be considered, which witnesses may testify, whether the facts found by the jury result in a party being held liable, and the legal import of the amount of damages found by the jury." *Id.*

Furthermore, just as in *Zdrojewski*, the *Phillips* court acknowledged that "the Legislature has the power under [the Michigan] Constitution to abolish or modify nonvested, common-law rights and remedies," which necessarily includes "the less drastic step of leaving the cause of action intact, but limiting the damages recoverable for a particular cause of action from a particular defendant." *Id.* at 430. The court found that the damages cap does not implicate the right to trial by jury because it "limits the *legal* consequences of the jury's finding regarding the liability" and comes into play only after the jury's factfinding function is complete. *Id.* at 331 (emphasis in original). Therefore, similar to *Zdrojewski*, the Michigan Supreme

10

Court concluded that the damages cap "does not offend the constitutional right of trial by jury because the amount the plaintiff actually receives was never within those things a jury can decide." *Id.* at 429-30.

The *Phillips* court also found that the statutory damages cap does not violate the Equal Protection Clause. Keeping with precedent requiring fundamental rights to be identified at "the most specific level at which a relevant tradition protecting, or denying protection to, the asserted right can be identified," the court characterized the right asserted by the plaintiff as "not the overarching right to have a jury trial but, more precisely, a claimed right to have a jury's assessment of damages be unmodifiable as a matter of law." *Id.* at 433. Like in *Zdrojewski*, the *Phillips* court found that rational basis standard of review applied because "[t]he right to full recovery in tort is not only not a fundamental right, it is not a right at all," rendering strict scrutiny inapplicable. *Id.* at 434. Furthermore, just as the *Zdrojewski* court found that Section 600.1483 was rationally related to the Legislature's legitimate interest in controlling healthcare costs, the *Phillips* court found that the damages cap at issue there was rationally related to the government's legitimate interest in reducing insurance costs for automobile lessors. *Id.* at 435. As such, the Michigan Supreme Court found that the damages cap did not violate the Equal Protection Clause. *Id.*

*Phillips* does not address whether the damages cap violates the Separation of

Powers Clause. Notwithstanding, as in *Zdrojewski*, the Michigan Supreme Court has elsewhere acknowledged that while it "retains the [constitutional] authority and duty to prescribe general rules that 'establish, modify, amend, and simplify the practice and procedure in all courts of [the] state,' " issues of "substantive law are left to the Legislature." *People v. Jones*, 497 Mich. 155, 165 (Mich. 2014) (citations omitted). It has also recognized that "the [Michigan] Supreme Court's rule-making power is constitutionally supreme in matters of practice and procedure *only* when the conflicting statute embodying putative procedural rules reflects no legislative policy consideration other than judicial dispatch of litigation." *In re Estate of Gordon*, 222 Mich. App. 148, 153 (Mich. 1997). As the Michigan Court of Appeals found in *Zdrojewski*, the Legislature adopted Section 600.1483's noneconomic damages caps to control against increases in healthcare costs. In this way, the statute reflects a legislative policy consideration that is unrelated to the administration of court cases, rendering it substantive rather than procedural. Therefore, under the clear commands of Michigan Supreme Court precedent, Section 600.1483's caps do not violate the Separation of Powers Clause.

For these reasons, this Court concludes that, under controlling Michigan precedent, Section 600.1483's noneconomic damages cap does not violate the Michigan Constitution's guarantee to a trial by jury, equal protection, and separation of powers.

12

### B. Whether Section 600.1483's High or Low Cap Applies

The Court's next task is to apply Section 600.1483's noneconomic damages cap to the present case. Plaintiff contends that the high cap should apply because Mr. Beaubien had "permanently impaired cognitive capacity rendering him . . . incapable of making independent, responsible life decisions and permanently incapable of independently performing the activities of normal, daily living." MICH. COMP. LAWS § 600.1483(1)(b).

The Michigan Court of Appeals has recognized that "the meaning of 'permanently impaired cognitive capacity' includes damage to or diminishment of one's mental ability to perceive, memorize, judge, or reason that is expected to last forever." *Young v. Nandi*, 276 Mich. App. 67, 79 (Mich. Ct. App. 2007). To establish this qualifying injury, "the plaintiff must suffer damage to or diminishment of his or her mental ability to perceive, memorize, judge, or reason that is permanent[,] 'rendering him or her incapable of making independent, responsible life decisions and permanently incapable of independently performing the activities of normal, daily living.' " *Id.* (quoting MICH. COMP. LAWS § 600.1483(1)(b)). "Death itself is not a qualifying injury." *Estate of Brookshire v. Stier*, No. 291186, 2011 WL 1086568, at *6 (Mich. Ct. App. Mar. 24, 2011) (citing *Young*, 276 Mich. App. at 80).

Here, the trial record demonstrates that Mr. Beaubien suffered from a brain

tumor that resulted in chronic and extreme headaches, vision loss, and substantial fatigue. Mrs. Beaubien testified that Mr. Beaubien's pain often caused him to be "quick tempered," and that he experienced short-term memory lapses, such as forgetting plans or misplacing items. ECF No. 119, PageID.3625-26. Notwithstanding, Mr. Beaubien was still able to read to his son, watch movies, pick his son up from the bus stop, and coach his son's flag football team for short periods of time. Furthermore, just a few weeks before his death, Mr. Beaubien sat for a deposition and offered clear, lucid testimony concerning the acts giving rise to this case. Based on these facts, the Court finds that Mr. Beaubien did not suffer damage to or diminish of his mental ability to perceive, memorize, judge, or reason that was expected to be permanent. That he sometimes suffered from memory lapses does not alter this conclusion. *Young*, 276 Mich. App. at 79 ("That [he] may have temporarily or unnaturally experienced impaired cognitive capacity at some point before [his] death does not establish entitlement to the higher noneconomic damages cap."). Accordingly, the Court finds that Plaintiff has not demonstrated an entitlement to the higher noneconomic damages cap.

Plaintiff appears to claim that Defendants are foreclosed from arguing that the lower cap does not apply because they did not move for a directed verdict. She notes that the jury answered "yes" to the following question on the verdict form, which tracks 600.1483(1)(b)'s statutory language:

14

Question No. 5: Did Craig Beaubien suffer permanently impaired cognitive capacity rendering him incapable of making independent, reasonable life decisions and permanently incapable of independently performing the activities of normal, daily living?

ECF No. 110, PageID.3153. In support of this position, Plaintiff references *Libbey-Owed-Ford Co. v. Insurance Co. of N. Am.*, 9 F.3d 422, 426 (6th Cir. 1993), where the Sixth Circuit held that "[a] party who has failed to move for a directed verdict cannot request the district court to rule on the sufficiency of the evidence supporting a verdict against him nor can he raise this issue on appeal."

This argument is unavailing. Section 600.1483(1) provides that the low cap shall apply unless an exception applies "as determined by the court." The Michigan Court of Appeals has consistently interpreted this provision as meaning that "it is the trial court, rather than the jury, that serves as the finder of fact in determining whether the unique damages necessary to apply the higher cap exist." *Estate of Herschfus ex rel. Herschfus v. Sakwa*, 2015 WL 3767098, at *15 (Mich. Ct. App. June 16, 2015) (citing *Shivers v. Schmiege*, 285 Mich. App. 636, 646 (Mich. Ct. App. 2009)). This is true even where, as here, the jury answers "yes" to a question that tracks the language of an exception. *See Wilson v. Keim*, No. 275997, 2008 WL 2861665, at *21 (Mich. Ct. App. July 24, 2008). For these reasons, this Court concludes that under Section 600.1483, Plaintiff's noneconomic damages award is subject to the low cap and must be limited to $615,800.00.

## IV.  <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's Motion for Judgment is GRANTED IN PART and DENIED IN PART. The Court will enter judgment in favor of Plaintiff and against Defendants, awarding Plaintiff $115,841.98 in economic damages, $615,800.00 in noneconomic damages under MICH. COMP. LAWS § 600.1483, statutory interest under MICH. COMP. LAWS § 600.6013(8), and taxable costs under Federal Rule of Civil Procedure 54(d)(1).

SO ORDERED.

Dated: November 26, 2025                    /s/Gershwin A. Drain
                                            GERSHWIN A. DRAIN
                                            United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 26, 2025, by electronic and/or ordinary mail.
/s/Kourtney Collins
Case Manager